**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

**LINDA MARIE ORR,**

**Plaintiff,**

**v.**

**Case No.: 3:26-cv-00120**

**JASON S. MIYARES, *In His Individual Capacity*,**

**STEVEN POPPS, *In His Individual Capacity***

**JURY TRIAL DEMANDED**

**TERESA VICE, *In Her Individual Capacity,***

**Defendants.**

## FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff Linda Marie Orr, (hereinafter, "Plaintiff" or "Ms. Orr"), by counsel, and hereby presents her First Amended Complaint, pursuant to Rule 15(a), against Jason S. Miyares in his individual capacity, Steven Popps in his individual capacity, and Teresa Vice in her individual capacity, (hereinafter, "Defendants"). This matter arises from an employment relationship between the parties. As provided below, Defendants are liable to Ms. Orr for damages.

## JURISDICTION AND VENUE

1. Ms. Orr is a resident of Henrico County, Virginia.

2. At all times relevant to this matter, Defendants served under color of state law as employees of the Commonwealth of Virginia's Attorney General. Defendant Miyares served as the Attorney General at all times relevant to this action.

3. Ms. Orr served as Financial Services Manager for Defendants.

4. Venue is proper as the acts and omissions described below occurred within the Eastern District of Virginia.

5. This matter raises questions of state and federal law. Federal questions are presented pursuant to 42 U.S.C. § 1983. This Court possesses jurisdiction over this matter. *See generally*, 28 U.S.C. §§ 1331, 1367.

6. Defendants acted under color of state law.

**STATEMENT OF FACTS**

7. Ms. Orr was hired in 2021 to serve as a Financial Specialist 2 – Grants Manager.

8. Ms. Orr received an annual salary, health insurance, VRS retirement contributions, and other benefits part and parcel to her employment.

9. Ms. Orr was wrongfully terminated from employment on or about March 25, 2024. This termination was a retaliatory decision based upon Ms. Orr's protected expression of speech and freedom of association.

10. Defendants made this decision.

11. Defendants had actual notice of Ms. Orr's protected speech and association as detailed below prior to the decision to terminate her employment.

12. Defendants did not terminate Ms. Orr's employment for cause. Defendants did not terminate Ms. Orr's employment related to the commission of any act involving moral turpitude, malfeasance, insubordination, dishonesty, or negligence.

13. Defendants terminated Ms. Orr's employment when Ms. Orr was willing and able to perform her duties.

14. Ms. Orr associates with former co-worker Ashley Miller.

15. Ms. Miller was wrongfully terminated by Defendants after engaging in expressions of speech on a matter of public concern.

16. In December of 2023 and January of 2024, Ms. Miller investigated a vendor invoice that had been submitted to her for payment by the Virginia Attorney General's Animal Law Unit.

17. The payment request directed Ms. Miller to pay taxpayer funds to a nonprofit company named The Virginia Animal Fighting Task Force ("VAFTF"). This company is registered with the Virginia's State Corporation Commission and lists a principal office address of Richmond, Virginia.

18. Ms. Miller noted that this vendor had never been registered for payment by the Virginia Attorney General's Office before, so she set about collecting documentation on VAFTF.

19. When Ms. Miller observed the corporate leadership personnel of VAFTF, she grew concerned. Multiple attorneys employed by the Virginia Office of Attorney General served as executive leadership of VAFTF.

20. Ms. Miller recognized this request for payment as a breach of law, to-wit, a conflict of interest. Pursuant to the Virginia State and Local Government Conflict of Interests Act, Va. Code § 2.2-3100 *et seq*., payments to VAFTF violated the law. State officials may not "use his [or her] public position to obtain financial benefit for himself [or herself], a family member, or a business with which he [or she] is associated."

21. Pursuant to the Virginia Public Procurement Act, public officials may not have a financial interest in any vendor, cannot award of influence contracts for personal gain, and cannot accept or provide kickbacks. Va. Code § 2.2-4300 *et seq*.

22. Although Ms. Miller is not an attorney, she is aware that kickbacks and embezzlement are illegal in Virginia and against Virginia's public policy.

23. Ms. Miller approached Christie Wells, Chief Financial Officer of the Virginia

Attorney General's Office. Ms. Miller reported the demand for payment to VAFTF as a wrongful act, a matter of public concern, a violation of law, and refused to remit payment.

24. Ms. Wells and Deputy Attorney General Steven Popps agreed to continue processing payments to employee-led companies in contravention of state and federal law. Ms. Wells and Mr. Popps operated under specific direction by Defendant Miyares.

25. Ms. Miller noted to both Ms. Wells and Mr. Popps in the middle of January of 2024 that the funds could not be paid to employees of the Virginia Attorney General's Office as the funds were regulated by state and federal law. Some of the funds received and earmarked for payment directly to Virginia Attorney General employees came from the U.S. Department of Justice.

26. On or about January 16 or 17, 2024, Ms. Miller refused her superior's directives to process thousands of dollars in payments that violated the law.

27. Defendants circumvented Ms. Miller's signatory authority and multiple vouchers were paid illegally to "vendors" owned and operated by Virginia Attorney General employees.

28. Ms. Miller observed senior leadership at the Virginia Attorney General's Office to funnel thousands in taxpayer dollars illegally to their own employees.

29. Ms. Miller expressed to leadership of the Virginia Attorney General's Office that their actions violated the law.

30. Ms. Miller engaged in follow-up communications to senior leadership with expressions of free speech on matters of public concern regarding these issues in February of 2024.

31. Ms. Miller and Ms. Orr engaged in communications regarding the illegal activities of their supervisors. These expressions on matters of public concern and Ms. Orr's

association with Ms. Miller created a retaliatory animus on behalf of Defendants.

32. The Attorney General's Office began an investigation of Ms. Orr that was administered by Teresa Vice, Director of Human Resources.

33. The investigation focused on the communications between Ms. Orr and Ms. Miller.

34. Upon reviewing the results and findings of the investigation, Ms. Wells concluded that neither Ms. Orr nor Ms. Miller should be terminated.

35. Ms. Wells stated to Defendant Vice that Ms. Orr did not deserve termination and that the termination itself would be more egregious than any communications sent between Ms. Orr and Ms. Miller.

36. Defendant Vice ignored the statements of Ms. Wells despite Ms. Wells' role in the chain of command above Ms. Orr and Ms. Miller.

37. Defendant Vice acted, upon information and belief, from the other Defendants and in concert with the other Defendants to terminate Ms. Orr for illegal reasons.

38. Immediately thereafter, on March 25, 2024, Defendants terminated Ms. Miller and Ms. Orr

39. Prior to both Ms. Miller and Ms. Orr's respective terminations, Ms. Miller and Ms. Orr agreed that Defendants had acted illegally.

40. Ms. Miller and Ms. Orr sent each other numerous digital messages throughout the work week in which they discussed the illegal activities of Defendants.

41. Ms. Miller and Ms. Orr agreed that Defendants were actively involved in a financial scheme and were attempting to conceal their actions.

42. Defendants discovered these messages. Defendants learned that Ms. Orr and Ms. Miller routinely discussed matters of public concern, to-wit, the illegal activities in which Defendants engaged.

43. Defendants knew that Ms. Miller and Ms. Orr sought to apply sunlight to the illegal activities at the Office of the Attorney General. After reading her messages with Ms. Orr, Defendants knew that Ms. Orr and Ms. Miller associated with one another, had engaged in speech on a matter of public concern, and both were in agreement that their supervisors were acting illegally.

44. Ms. Orr never received a performance improvement plan nor workplace discipline prior to her termination.

45. Prior to her termination, Ms. Orr received excellent work performance evaluations.

46. Defendants terminated Ms. Orr in retaliation for her exercise of constitutional rights.

47. Ms. Orr has suffered and will continue to suffer compensatory damages, emotional distress, and other significant financial and personal harm, due to the retaliation committed by Defendants.

## COUNT I: FIRST AMENDMENT FREEDOM OF SPEECH RETALIATION AND WRONGFUL TERMINATION IN VIOLATION OF 42 U.S.C § 1983

48. Ms. Orr incorporates by reference herein the preceding paragraphs of this Amended Complaint.

49. Ms. Orr engaged in constitutionally protected speech on matters of public concern. All of this occurred regarding substantial financial impropriety and conflicts of interest in which state employees enriched themselves illegally.

50. Defendants had actual notice of Ms. Orr's expression of speech.

51. Ms. Orr's speech did not impede or conflict with the performance of her job duties.

52. Ms. Orr's speech did not interfere with the operation of or undermine the mission

of Defendants. Indeed, it *should* be the mission of the Commonwealth of Virginia's highest law enforcement officials to enforce the law, not break it for financial gain.

53. Defendants terminated Ms. Orr's employment because she engaged in protected activity pursuant to her First Amendment rights.

54. Defendants violated Ms. Orr's First Amendment rights and retaliated against her in violation of 42 U.S.C. § 1983.

55. Defendants retaliated against Ms. Orr because of her constitutionally protected speech.

56. Defendants' termination of a public employee for expressing First Amendment rights is a violation of clearly established statutory and constitutional rights. Defendants, two of whom are licensed attorneys well acquainted with the applicable laws, policies, and responsibilities of government, would have known that taking such action was unlawful.

57. Defendants acted with reckless and/or callous indifference to Ms. Orr's legal rights.

## COUNT II: FIRST AMENDMENT FREEDOM OF ASSOCIATION RETALIATION AND WRONGFUL TERMINATION IN VIOLATION OF 42 U.S.C § 1983

58. Ms. Orr incorporates by reference herein the preceding paragraphs of this Amended Complaint.

59. Ms. Orr engaged in constitutionally protected association with Ms. Miller.

60. Ms. Miller and Ms. Orr adopted the beliefs that their supervisors operated illegally.

61. Ms. Orr was friends with Ms. Miller and Defendants were aware of this association and of their alliance on issues related to the illegal behavior of Defendants.

62. Defendants had actual notice of Ms. Orr's expression of association.

63. Defendants took umbrage at Ms. Orr's relationship and association with Ms. Miller because of Ms. Miller's stance on their illegal actions.

64. Ms. Orr's association with Ms. Miller did not impede or conflict with the performance of her job duties.

65. Ms. Orr's association with Ms. Miller did not interfere with the operation of or undermine the mission of Defendants.

66. Defendants terminated Ms. Orr's employment because she engaged in protected activity pursuant to her First Amendment rights.

67. Defendants violated Ms. Orr's First Amendment rights and retaliated against her in violation of 42 U.S.C. § 1983.

68. Defendants retaliated against Ms. Orr because of her constitutionally protected association.

69. Defendants' termination of a public employee for expressing First Amendment rights is a violation of clearly established statutory and constitutional rights. Defendants, two of whom are licensed attorneys well acquainted with the applicable laws, policies, and responsibilities of government, would have known that taking such action was unlawful.

70. Defendants acted with reckless and/or callous indifference to Ms. Orr's legal rights.

WHEREFORE Plaintiff Linda Marie Orr, prays for judgment against Defendants Jason S. Miyares, Teresa Vice, and Steven Popps, jointly and severally, consistent with these allegations, and requests that the Court award her compensatory damages, back pay, front pay, equitable relief, and punitive damages, together with pre-judgment interest from the date of termination, as well as incidental and consequential costs associated herewith, including attorneys' fees and such other relief as a competent Court

would deem appropriate.

**JURY TRIAL RESPECTFULLY REQUESTED**
**UPON ALL ISSUES THAT MAY BE SUBMITTED TO A JURY**

Respectfully submitted,

**LINDA MARIE ORR**

By __/s/________________
Thomas E. Strelka, Esq. (VSB # 75488)
VIRGINIA EMPLOYMENT LAW
*Counsel for Plaintiff*

Thomas E. Strelka, Esq. (VSB# 75488)
VIRGINIA EMPLOYMENT LAW
4227 Colonial Avenue
Roanoke, VA 24018
Tel: 540-283-0802
thomas@vaemployment.law